IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL CALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-754-D |
| | ) | |
| DON BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On July 6, 2010, Plaintiff filed a *pro se* Complaint against numerous individuals, identified collectively as officials of the Oklahoma Healthcare Authority and the Oklahoma Attorney General's Office. The one-paragraph pleading states simply that the action is brought under 31 U.S.C. § 3729 (a provision of the False Claims Act, 31 U.S.C. §§ 3729-33) and 42 U.S.C. § 1983, and states in a conclusory manner that all defendants "conspire[d] to defraud the government by getting false or fraudulent claims allowed" and acted in the manner prohibited by § 3729(a)(1)(B) – "knowingly makes, uses, or causes to be made or used, a false record or statement to get a fraudulent claim paid or approved by the government." *See* Compl. [Doc. No. 1].

The Court cannot discern from Plaintiff's pleading what false or fraudulent claim was allegedly presented, what false record or statement was allegedly made, or who allegedly did what to whom, even when the pleading is construed liberally under *Hall v. Bellmon*, 935 F.2d 1106, 1100 (10th Cir. 1984). The pleading also fails to comply with procedural requirements of the False Claims Act, which authorizes a private person to bring an action for a violation of § 3729 but requires that the action be brought in the name of the United States, that the complaint be filed *in camera* and served on the government, that the complaint remain under seal for a period of at least

60 days, and that service on the defendant be made only when ordered by the court. *See* 31 U.S.C. § 3730(b). Further, Plaintiff's pleading contains no allegation to support a claim under § 1983 and requests no relief.

The Court finds the Complaint fails to provide the minimal amount of information necessary to satisfy federal pleading requirements. The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). To be sufficient, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Padrus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555. In this case, Plaintiff's pleading contains insufficient information to satisfy Rule 8(a) and fails to provide fair notice of his claim.

IT IS THEREFORE ORDERED that Plaintiff is directed to file an amended complaint that complies with Rule 8(a) not later than August 16, 2010. Failure to comply with this Order will result in the dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 30th day of July, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE